**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ARYONNA KELLY,
Plaintiff,

vs

TANYQUA OLIVER-MATHEIS,
Defendant.

Case No. 1:26-cv-578

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Defendant Tanyqua Oliver-Matheis has filed a Notice of Removal of a state-court civil action to this federal Court. (*See* Doc. 1-1). This matter is before the Court for *sua sponte* review of the Notice to determine whether the Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c).

The Notice and accompanying materials reflect that Plaintiff Aryonna Kelly filed a petition for a civil stalking protection order under Ohio Rev. Code § 2903.214 in the Butler County, Ohio Court of Common Pleas, Case No. CP 2026 04 0151. (Doc. 1-4 at PageID 29-32). On June 10, 2026, Defendant filed her Notice, invoking federal-question jurisdiction based on the First Amendment, 47 U.S.C. § 551(c)(2), and the action's asserted relationship to other federal litigation and anticipated claims. (Doc. 1-1 at PageID 4-7).

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally

could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Defendant has not established federal-question jurisdiction. Plaintiff's state-court petition seeks relief under Ohio law and asserts no federal cause of action. Defendant contends that the petition targets her constitutionally protected activity, including seeking relief from courts and contacting law-enforcement agencies. (Doc. 1-1 at PageID 5-6). These contentions present potential defenses to the state-law petition, but they do not establish removal jurisdiction. *See Caterpillar*, 482 U.S. at 393 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Defendant's reliance on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005) does not alter this conclusion. (*See* Doc. 1-1 at PageID 4). Under *Grable*, the plaintiff's state-law claim must itself "necessarily raise a stated federal issue." *Id.* at 314. Defendant has not shown that Plaintiff's claim for a civil stalking protection order necessarily raises a federal issue. Her separate request for

telephone records under § 551(c)(2) concerns a collateral evidentiary matter and does not establish that resolution of a federal issue is necessary to Plaintiff's claim. (Doc. 1-3 at PageID 11-15). Nor do the parties' factual disputes establish the broader federal significance required for embedded federal question jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 260 (2013) ("[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit"; the substantiality inquiry concerns "the importance of the issue to the federal system as a whole.").

Defendant's anticipated civil-rights claims also do not establish jurisdiction over Plaintiff's state-law petition. (Doc. 1-1 at PageID 4). Again, the relevant inquiry concerns the claims asserted by Plaintiff, not federal claims Defendant expects to pursue. *See Caterpillar*, 482 U.S. at 392-93. Nor does the asserted relationship to other federal litigation supply the jurisdiction required for removal. To the extent that Defendant invokes this Court's authority over related proceedings or the All Writs Act (*see* Doc. 1-1 at PageID 4; Doc. 1-5 at PageID 107-113), neither provides an independent basis for removal. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("The All Writs Act, alone or in combination with the existence of ancillary jurisdiction in a federal court, is not a substitute for that requirement.").

Finally, Defendant does not invoke diversity jurisdiction or allege facts establishing its requirements under 28 U.S.C. § 1332. The Notice therefore provides no alternative basis for original jurisdiction.

Accordingly, the Court lacks subject-matter jurisdiction, and remand is required under 28 U.S.C. § 1447(c).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This action be **REMANDED** to the Butler County Court of Common Pleas, pursuant to 28 U.S.C. § 1447(c).

2. This matter be **DISMISSED** from the docket of this Court.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ARYONNA KELLY,
Plaintiff,

Case No. 1:26-cv-578

vs

McFarland, J.
Bowman, M.J.

TANYQUA OLIVER-MATHEIS,
Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).